IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:06-061-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| P.W. FERGUSON | ) | |
| | ) | |
| _____ | ) | |

The *pro se* defendant, P.W. Ferguson, has filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] The government has responded and moved for summary judgment, contending that the defendant's claims of ineffective assistance of counsel are without merit.

PROCEDURAL HISTORY

The defendant was charged in a 21-defendant, 28-count indictment charging conspiracy to possess with intent to distribute and distribution of 50 grams or more of cocaine base, together with numerous substantive drug offenses. After the indictment was handed down, the government filed a notice of enhancement pursuant to 28 U.S.C. § 851, notifying the defendant that he would be subject to an enhanced sentence based on four prior felony drug offenses. Prior to trial, the government offered the defendant a plea agreement which would have provided for the dropping of some of the § 851 enhancements, resulting in a potential sentence of between 20 years (the mandatory minimum pursuant to statute) and life.

---

[1] Because the defendant/petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

1

The defendant declined the offer and, on February 12, 2007, the government began its case against Ferguson and a co-defendant, Quenell Walters. After a trial of several days, the jury returned a verdict of guilty as to both defendants on all counts. On May 31, 2007, this court sentenced Ferguson to a statutory mandatory term of life imprisonment. The Fourth Circuit thereafter affirmed his conviction and sentence. *United States v. Walters*, 07-4600, 350 Fed.Appx. 826 (4th Cir., Oct. 29, 2009).

The present petition was filed on August 30, 2010 and is within the one-year time limitations set forth in 28 U.S.C. § 2255. The defendant raises three grounds of error:

1. Was trial counsel ineffective for advising Petitioner not to testify?

2. Was trial counsel ineffective for allegedly failing to inform Ferguson that he would receive a mandatory life sentence if convicted at trial?

3. Was trial counsel ineffective for failing to challenge the use of Ferguson's four prior felony drug convictions listed in the § 851 Information to enhance his sentence?

The government responded and moved for summary judgment.[2] The government's submission included an affidavit from Assistant Federal Public Defender James P. Rogers, who represented Ferguson at trial.

### THE EVIDENTIARY HEARING

Because the defendant's § 2255 motion and affidavit raised an issue of fact which

---

[2] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court apprised the defendant of his right and obligation to respond to the motion for summary judgment, and the defendant filed a timely response.

cannot be resolved by affidavit, the court scheduled an evidentiary hearing, appointed Columbia attorney Jeffrey Blume to represent the defendant solely for the matters raised in the evidentiary hearing, and ordered the Federal Bureau of Prisons to return Ferguson to this district for an evidentiary hearing.

The hearing was conducted on June 27, 2011. At the hearing, the court heard sworn testimony from both the defendant and his former attorney, James Rogers. For the reasons that follow, the court has determined that the § 2255 motion should be denied.

## STANDARDS OF LAW

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

### *Summary Judgment*

Summary judgment for the government is appropriate where the admissible evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Williams v. Staples, Inc.* 372 F.3d 662, 667 (4th Cir. 2004) (citing Fed. R. Civ. P. 56(c)). The court must view the facts in the light most favorable to the party opposing summary judgment, and it may not make credibility determinations or

weigh the evidence. *Id.*, (*citing Thompson v. Aluminum Co. of Am.*, 276 F.3d 651, 656 (4th Cir. 2002)). However, an issue of fact is "material" only if establishment of the fact might affect the outcome of the lawsuit under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* "Indeed, to withstand a motion for summary judgment, the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial." *Hill v. O'Brien*, No. 09-6823, 2010 WL 2748807, at *2 (4th Cir. July 12, 2010) (*citing* Fed. R. Civ. P. 56(e)(2); *see Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir.2002)).

*Ineffective Assistance of Counsel Claims*

In order to prevail on an ineffective assistance claim, the defendant must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). He must first demonstrate that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687–91. In examining the performance of counsel, there is a strong presumption that his conduct was within the wide range of reasonable professional assistance. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the distorting effects of hindsight. *Strickland*, 466 U.S. at 688–89.

In addition to showing ineffective representation, the defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

GROUND 1

The defendant contends that his trial counsel was ineffective for advising him not to testify at trial. Neither Ferguson nor attorney Rogers testified as to this issue at the evidentiary hearing. The record in this case clearly indicates, however, that there is no merit to this claim.

In this case, as in all criminal cases, the court conducted a colloquy with the defendant prior to the conclusion of the trial, during which the court fully explained Ferguson's options regarding taking the witness stand to testify (see Trial Transcript at 2-205). The court informed Ferguson that, unlike most trial strategy decisions, the decision of whether to take the stand was his alone to make, and that although counsel could make recommendations one way or the other, the ultimate decision rested with the defendant. Moreover, the advice provided by a criminal defense lawyer on whether his client should testify is "a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance of counsel." *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir.2002) (*quoting Hutchens v. Garrison*, 724 F.2d 1425, 1436 (4th Cir.1983)). Because "delicate balancing" is involved in an attorney's decision to advise a defendant as to whether to take the stand in his own defense, courts accord trial counsel much deference when evaluating counsel's performance under *Strickland*. *United States v. Terry*, 366 F.3d 312 (4th Cir. 2004).

Additionally, as the government points out in its memorandum, had Ferguson testified at trial, statements in his current motion indicate that the testimony would have only served to further implicate Ferguson in the conspiracy. In his memorandum in support of his motion

5

to vacate, he admits that "nearly all the cocaine that he bought was for his own use," but admits that he "'sold' crack only by referring customers to actual servers when they showed up on McDuffie Street." In short, Ferguson's petition, as well as his testimony at the evidentiary hearing, seem to indicate that he was only minimally involved in the conspiracy. It is well-settled, of course, that the extent of one's involvement in a conspiracy is not the standard for determining guilt. Having determined that Ferguson cannot satisfy either prong of the *Strickland* test, the court finds no error.

## GROUND 2

In his second ground, Ferguson contends that his trial counsel was ineffective for failing to inform him that he would receive a mandatory life sentence if convicted at trial. Ferguson avers in his motion, and testified at the hearing, that it was his clear understanding that if he went to trial, he faced a sentence of between 20 years and life, the same sentencing exposure he would have faced had he accepted the plea offer tendered shortly before trial. He indicates that he understood that he faced the *possibility* of a life sentence, but contends that he was not informed by his attorney that upon conviction he would receive a *mandatory* life sentence.

Rogers testified at the evidentiary hearing and directly contradicted Ferguson's testimony. He indicated that he advised Ferguson that because of his prior drug convictions, Ferguson would face what Rogers termed "enhancements" that would require the court to sentence Ferguson to a mandatory life term if he was convicted following a jury trial.

6

Having heard both of the principal witnesses as to this issue, and observed the demeanor of these witnesses as they testified, the court resolves the credibility question adversely to the defendant. It should be noted that attorney Rogers is one of this District's most experienced criminal defense attorneys, having engaged in a successful private practice in the criminal arena before joining the Federal Public Defender's Office for this District. Mr. Rogers is well-versed in criminal sentencing law as well as trial procedure.

Ferguson did not aid his cause at the evidentiary hearing, indicating, for example, that the very first time he understood that he faced a mandatory life sentence was when he heard this court announce the potential sentence at the commencement of the sentencing hearing. This assertion is belied by the fact that the Presentence Report (PSR), which was provided to Ferguson well in advance of the sentencing hearing, clearly indicated that a mandatory life sentence was called for under the facts of this case.

Having resolved the credibility question in favor of the government, the court finds no merit to Ground 2.

### GROUND 3

The defendant claims that trial counsel was ineffective for failing to challenge the use of Ferguson's four prior felony drug convictions listed in the § 851 Information to enhance his sentence.

The record reflects that Ferguson has four prior felony drug convictions, and Rogers did not object to any of them being counted as predicate offenses for purposes of computing

7

the statutory mandatory minimum sentence. Ferguson now alleges that it was error for Rogers not to object to three of the four. The first of these convictions, a 1998 conviction for possession of cocaine is not challenged. The remaining convictions will be addressed in the order in which they were handed down.

First, Ferguson contends that his attorney should have contested a March 10, 1999, conviction for possession of crack cocaine. He contends that Rogers should have collaterally attacked this conviction as constitutionally invalid because he was not represented by an attorney at the time. The government counters by suggesting that the defendant's trial counsel did not have the ability to attack this conviction due to the statute of limitations provided in 21 U.S.C. § 851 (e) which provides that "No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the day of the Information alleging such prior conviction."

In this case, the defendant's conviction occurred on March 10, 1999, and became "final" ten days after that date. The government filed its § 851 Information on March 21, 2006, which was seven years after the defendant's conviction became final. Therefore, the statute of limitations has run on this conviction. *United States v. Mason*, 528 F.3d 123 (4th Cir. 2010).

Next, the defendant claims his former attorney was ineffective for failing to attack the use of his August 5, 2002 conviction for distribution of marijuana – second offense and for distribution of marijuana within the proximity of a school. The defendant was sentenced on

8

August 5, 2002, to two years imprisonment for each conviction with those sentences to be served concurrently. The defendant does not dispute that he was represented by counsel in this case. He was released from the South Carolina Department of Corrections (SCDC) on May 30, 2003. Ferguson contends that the conduct involved in this conviction occurred during the course of the instant federal conspiracy and was thus relevant conduct and not counted in his criminal history computation for guideline purposes.

The federal conspiracy occurred between May 2000 and January 17, 2006. The defendant's conduct surrounding his state court conviction (noted in paragraph 32 of the PSR) took place on December 21, 2000. As noted previously, the defendant was released from the SCDC on May 30, 2003, after serving his state sentence. On January 7, 2004, the defendant assisted in the distribution of 40.40 grams of crack cocaine to a confidential informant. This conduct comprised Count 16 of the federal indictment that the defendant was convicted of by a jury.

The federal sentencing guidelines advise that if a prior conviction is not part of the instant offense, then the conviction should receive criminal history points. See United States Sentencing Guideline 4A1.2(a)(1). If, however, a prior conviction which occurs during the course of the instant federal offense is considered the same course of conduct or common scheme or plan, then that conviction is considered relevant conduct to the federal conviction and no criminal history points are awarded. Here, the PSR obviously took the position that the prior conviction was, in fact, relevant conduct. The question then becomes one of whether a conviction that is relevant conduct for the instant offense may nevertheless be a

9

predicate offense for §851 purposes.

In *United States v. Howard*, 115 F.3d 1151 (4th Cir. 1997), the Court held that a prior conviction that is relevant conduct, and thus is accorded no criminal history point, may nevertheless be counted under § 851. In doing so, the Fourth Circuit followed the reasoning of the Eleventh Circuit in *United States v. Hansley*, 54 F.3d 709 (11th Cir. 1995). The *Hansley* Court held that because the "purpose of the mandatory minimum enhancement is to target recidivism, it is more appropriate to focus on the degree of criminal activity that occurs after a defendant's conviction for drug-related activity is final rather than when the conspiracy began." *Id.* at 717. The facts of this case closely mirror those of the *Hansley* case. Ferguson continued his participation in the federal drug conspiracy after his arrest and conviction by the State of South Carolina, which demonstrated his propensity to be a recidivist.

The final disputed conviction, an April 5, 2005, conviction for possession of crack cocaine, is said to be beyond the end date for the conspiracy at issue in this case. Although Ferguson may be correct on this point, the fact remains that three of his four prior felony drug convictions are valid for § 851 enhancement purposes, and only two prior drug convictions are required in the statute. Therefore, there is no merit to this ineffective assistance of counsel claim.

CONCLUSION

For all the foregoing reasons, the court concludes that Ferguson did not receive constitutionally ineffective assistance of counsel before, during, or after his federal criminal

10

trial. Accordingly, the government's motion for summary judgment is granted and this action is dismissed.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

July 15, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).

11